**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-60517-CIV-DAMIAN**

**CHAFIK SOFIA-LAFFITA**,

     Petitioner,

v.

**CARLOS NUNEZ**, *et al.*,

     Respondents.

_____/

## ORDER ON PETITION FOR WRIT OF *HABEAS CORPUS*

**THIS CAUSE** is before this Court on Petitioner, Chafik Sofia-Laffita's ("Petitioner"),

Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1] (the "Petition"),

filed February 24, 2026, and the parties' subsequent briefing, including Respondents'

Response to this Court's Order to Show Cause [ECF No. 8 ("Response")] and Petitioner's

Reply [ECF No. 10 ("Reply")].

THE COURT has reviewed the Petition, the parties' briefing, the relevant legal

authorities, and the pertinent portions of the record and is otherwise fully advised.

## I.    BACKGROUND

The background relevant to Petitioner's immigration status and proceedings before the

Immigration Court is set forth in detail in the parties' submissions. *See generally* Pet., Resp.

Petitioner, Chafik Sofia-Laffita, is a native and citizen of Cuba who entered the United

States on or about December 30, 2021 without inspection. Resp. at 2; Pet. at 5. He was

encountered by immigration authorities shortly thereafter and released on his own

recognizance in January 2022. Resp. at 2; Pet. at 5. Following his release, Petitioner resided

in Florida, obtained employment, and complied with immigration reporting requirements. Pet. at 5–6.

On November 11, 2025, Petitioner was arrested and placed into immigration custody, and he has remained detained at the Broward Transitional Center since that time. Resp. at 2; Pet. at 5. Petitioner sought custody redetermination before the Immigration Court, which was denied on multiple occasions. Resp. at 2–3. Thereafter, on January 30, 2026, a federal district court ordered that Petitioner be given a bond hearing. Resp. at 2; Pet. at 6; *see* Order Granting in Part Petition for Writ of Habeas Corpus, *Sofia-Laffita v, Noem, et. al.*, 26-cv-60161, ECF No. 10 (S.D. Fla. Feb. 2, 2026) (Dimitrouleas, J.).

On February 3, 2026, an Immigration Judge conducted the bond hearing and granted Petitioner release on a $5,000 bond. Resp. at 3; Pet. at 6; Reply at 2. Petitioner's bond was posted on February 4, 2026, and accepted by the Government. Pet. at 6; Reply at 2. However, prior to Petitioner's release, on February 5, 2026, the Immigration Judge granted the Government's motion to pretermit Petitioner's applications for relief and ordered Petitioner removed. Resp. at 3; Pet. at 6.

On February 9, 2026, the Immigration Judge revoked Petitioner's previously granted bond, citing the removal order as a material change in circumstances. Resp. at 3; Pet. at 7; Reply at 6. Petitioner subsequently filed an appeal of the removal order with the Board of Immigration Appeals ("BIA"), which remains pending. [1]  Resp. at 3; Pet. at 7; Reply at 4. As

---

[1]     In this case, Petitioner represents that an Immigration Judge entered an order of removal on February 25, 2026, and further represents that he has appealed that order to the Board of Immigration Appeals. Reply at 3. Under the Immigration and Nationality Act, an order of removal does not become administratively final until "a determination by the Board of Immigration Appeals affirming such order" or "the expiration of the period in which the alien is permitted to seek review of such order." 8 U.S.C. § 1101(a)(47)(B). Accordingly, where, as here, an appeal to the BIA is pending, the removal order is not yet final.

of the filing of the Reply, no briefing schedule had yet issued. Reply at 4. On February 24, 2026, Petitioner filed the instant Petition pursuant to 28 U.S.C. § 2241, challenging the legality of his continued detention and seeking either immediate release or, in the alternative, a new bond hearing. Pet. at 16; Reply at 4.

Respondents contend that Petitioner is properly detained under 8 U.S.C. § 1225(b)(2) and that this Court lacks jurisdiction to grant the requested relief. Resp. at 1, 5.

## II.   LEGAL STANDARD

District courts have the authority to grant writs of *habeas corpus*. See 28 U.S.C. § 2241(a). *Habeas corpus* is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). This Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.   DISCUSSION

At the outset, as noted by Respondents, this Court has previously addressed the issues raised in the Petition in this case in numerous other cases,[2] and as previously indicated, the

---

Because the removal order is not administratively final, the "removal period" under 8 U.S.C. § 1231 has not yet begun. *See* 8 U.S.C. § 1231(a)(1)(B)(i) (providing that the removal period begins on "the date the order of removal becomes administratively final"). Petitioner's detention therefore remains governed by the pre-removal detention framework, and his challenge to the statutory basis for that detention remains ripe for review. In accordance with the above, Respondents have not raised the status of the appeal, or indeed the existence of the removal order.

[2]    *See, e.g., Espinal Encarnacion v. ICE Field Office Director, et al.*, No. 25-61898-CIV-DAMIAN, ECF No. 29 (S.D. Fla. Dec. 23, 2025); *Martinez Gomez v. Diaz, et al.*, No. 25-62236-CIV-DAMIAN, ECF No. 21 (S.D. Fla. Jan. 8, 2026); *Irure-Rodriguez v. Lyons, et al.*, No. 25-62585-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Jan. 20, 2026); *Sultany v. Ripa, et al.*, No. 25-62586-CIV-DAMIAN, ECF No. 12 (S.D. Fla. Jan. 20, 2026); *Gonzalez Ramon v. Lyons, et al.*,

undersigned agrees with the analysis set forth in *Puga v. Assistant Field Office Director, Krome North Service Processing Center*, in which Chief Judge Cecilia Altonaga determined that "the statutory text, context, and scheme of Section 1225 do not support a finding that a noncitizen is 'seeking admission' when he never sought to do so." No. 25-24535-CIV, 2025 WL 2938369, at *5 (S.D. Fla. Oct. 15, 2025) (Altonaga, C.J.). As the Eleventh Circuit recently acknowledged, the majority of District Courts throughout the country that have analyzed this issue have rejected the Government's position in *Matter of Hurtado*, and "the federal appellate courts are divided as to the applicability of §§ 1225(a) and 1226(a)." *Labrada-Hechavarria v. U.S. Att'y Gen.*, No. 23-13664, 2026 WL 496486, at *2 (11th Cir. Feb. 23, 2026).[3] This Court finds that 8 U.S.C. § 1226(a) and its implementing regulations govern Petitioner's detention, and not Section 1225(b). Therefore, this Court finds that Petitioner is entitled to an individualized bond hearing as a detainee under Section 1226(a).

This Court points out that it is aware that in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), the Fifth Circuit adopted the BIA's analysis in *Matter of Yajure Hurtado*. This Court is also aware that the Respondents have appealed to the Eleventh Circuit district court judgments that 8 U.S.C. § 1226(a) governs detentions under circumstances similar to those presented here. *See Hernandez Alvarez v. Warden, Federal Detention Center Miami*, No. 25-14065 (11th Cir.), and *Cerro Perez v. Assistant Field Office Director*, No. 25-14075 (11th Cir.). In the

---

No. 26-60064-CIV-DAMIAN, ECF No. 8 (S.D. Fla. Feb. 6, 2026); *Rorres Arevalo v. Noem, et al.*, No. 26-60155-CIV-DAMIAN, ECF No. 7 (S.D. Fla. Feb. 9, 2026); *Torres-Martinez v. Assistant Dir., et al.*, No. 26-60166-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Feb. 11, 2026); *Arcia Alfonso v. GEO Group, Inc., et al.*, No. 26-60286-CIV-DAMIAN, ECF No. 9 (S.D. Fla. Feb. 17, 2026).

[3] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

absence of a binding decision from the Eleventh Circuit or the United States Supreme Court, this Court's analysis does not change based on these cases.

This Court has also previously addressed Respondents' argument regarding the failure to exhaust administrative remedies under circumstances like those presented here. The exhaustion requirement under 8 U.S.C. § 1252(d)(1) "is not jurisdictional," but prudential. *Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023). Generally, "exhaustion is not required where no genuine opportunity for adequate relief exists. . . or an administrative appeal would be futile[.]" *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982) (alterations added; citations omitted); *see also United States v. Barbieri*, No. 18-cr-20060, 2021 WL 2646604, at *2 (S.D. Fla. June 28, 2021) (Scola, J.) ("The Court recognizes . . . that administrative exhaustion may be unnecessary where the administrative process would be incapable of granting adequate relief." (alteration added; citation omitted)).

The BIA issued *Matter of Yajure Hurtado* as a published decision, and such decisions "serve as precedents in all proceedings involving the same issue or issues." 8 C.F.R. § 1003.1(g)(2); *see id.* § 1003.1(d)(1). Thus, considering *Matter of Yajure Hurtado*, it is obvious that an alien in Petitioner's situation, who has resided in the United States for years prior to his recent detention, but has not been admitted or paroled, will be subject to mandatory detention without bond under Section 1225(b)(2) upon review by the BIA. *See Matter of Yajure Hurtado*, 29 I. & N. Dec. at 221. Many other courts, including those in this District, have found that any exhaustion requirements are excused for futility because the result of Petitioner's bond appeal to the BIA is a foregone conclusion under *Matter of Yajure Hurtado*. *See, e.g.*, *Puga v. Assistant Field Office Dir.*, No. 25-24535-CIV, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025) (Altonaga, C.J.); *Ardon-Quiroz v. Assistant Field Dir.*, No. 25-cv-25290, 2025

5

WL 3451645, at *4-5 (S.D. Fla. Dec. 1, 2025) (Becerra, J.); *Inlago Tocagon v. Moniz*, No. 25-cv-12453, 2025 WL 2778023, at *2 (D. Mass. Sept. 29, 2025); *Vazquez v. Feeley*, No. 25-cv-01542, 2025 WL 2676082, at *9–10 (D. Nev. Sept. 17, 2025). This Court concurs with the majority of district courts that have addressed the issue that administrative exhaustion would have been futile in these circumstances and that a failure to exhaust does not strip this Court of jurisdiction over the Petition.

Because this Court finds in favor of Petitioner on the first grounds raised in the Petition and will grant the relief he seeks, this Court declines to analyze the other bases for relief asserted in the Petition.

## IV.   CONCLUSION

Accordingly, for the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that the Petition [**ECF No. 1**] is **GRANTED IN PART** to the extent that Petitioner requests this Court to direct the Immigration Court to give him a bond hearing. It is further

**ORDERED** that Respondents shall **FORTHWITH** afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner. The bond hearing must take place no later than **April 17, 2026**. It is further

**ORDERED** that on or before **April 24, 2026**, Petitioner shall file a Joint Status Report informing this Court of whether Petitioner was given a bond hearing, and if so, the outcome of Petitioner's bond hearing and the status of matters relevant to the Petition. Counsel for the Petitioner shall confer with counsel for the Respondents prior to filing the Status Report and must include a certification therein that the Respondents do not object to the representations made regarding the status of this case. It is further

The Clerk of Court is **DIRECTED** to **CLOSE** this case for *administrative and statistical purposes only* pending compliance with the instant Order and until further Order of this Court.

This Court retains jurisdiction to address matters that may arise with respect to the Petition, and either party may file a motion to reopen the case should additional relief be sought relating to the Petition or this Order.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 7th day of April, 2026.

_____

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**