**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-60517-CIV-DAMIAN**

**CHAFIK SOFIA-LAFFITA**,

Petitioner,

v.

**CARLOS NUNEZ**, *et al.*,

Respondents.
______________________________/

**ORDER DIRECTING RESPONDENTS TO SHOW CAUSE**

THIS CAUSE came before the Court on Petitioner, Chafik Sofia-Laffita's ("Petitioner"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1] (the "Petition"), filed February 24, 2026, and the parties' subsequent briefing, including Respondents' Response to this Court's Order to Show Cause [ECF No. 8 ("Response")] and Petitioner's Reply [ECF No. 10 ("Reply")].

THE COURT has reviewed the Petition, the Response, the Reply, the record, and the applicable law and is otherwise fully advised.

The record reflects a discrete issue that has not been adequately addressed by the parties and bears directly on the legality of Petitioner's detention. Specifically, on February 3, 2026, an Immigration Judge conducted a bond hearing and granted Petitioner release on a $5,000 bond. Resp. at 3; Pet. at 6; Reply at 2. Petitioner's bond was posted on February 4, 2026, and accepted by the Government. Pet. at 6; Reply at 2.

Notwithstanding the issuance of the bond order and the posting of the bond, Petitioner was not released. Instead, Petitioner remained in custody until at least February 9, 2026, when the Immigration Judge revoked the previously granted bond. Resp. at 3; Pet. at 7; Reply at 6.

Accordingly, the record reflects that Petitioner was detained for a period exceeding three days after a bond was ordered and after that bond was posted and accepted, but before the bond was revoked. *See Baker v. McCollan*, 443 U.S. 137, 145 (1979) (in the mistaken identity context, holding that a false detention for a for a certain amount of time may deprive the detainee of liberty without due process of law, but a detention of three days does not amount to such a deprivation); *accord Sosa v. Martin Cnty., Fla.*, 57 F.4th 1297, 1301 (11th Cir. 2023).

This Court finds that the legality of Petitioner's continued detention during this discrete period, from February 4, 2026 through February 9, 2026, requires further explanation. The present briefing does not sufficiently address the legal authority, if any, that permitted Respondents to continue detaining Petitioner after the bond determination and payment but prior to revocation.

The Court further notes that Petitioner represents that a $5,000 bond was previously posted. In light of the procedural posture of this case and the relief requested, this Court finds it appropriate to require Respondents to address the status of that bond and the timeline, if any, for its return.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Respondents shall show cause, on or before **April 17, 2026 as to 1)** why Petitioner was not released following the Immigration Judge's February 3, 2026 bond order and the subsequent posting and acceptance of the $5,000 bond on February 4, 2026; 2) the status of the $5,000 bond and the timeline, if any, for its return. Respondents' submission shall address the legal authority permitting continued detention after a bond has been ordered and satisfied, including any applicable statutory, regulatory, or

administrative provisions; the timeline and circumstances surrounding Petitioner's continued detention between February 4, 2026, and February 9, 2026.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 7th day of April, 2026.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record